UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTOPHER REED, | : | NO. 3:02CV469 (SRU) (WIG) |
| VS. | | |
| CITY OF NEW HAVEN, ET AL | : | JULY 19, 2004 |

### NOTICE OF EXPLANATION FOR FAILING TO SUBMIT STATUS REPORT

The undersigned counsel for plaintiff, Christopher Reed hereby submits the following report regarding the failure to submit a joint status report for the above referenced matter.

On or about March 11, 2004, counsel received an Order, calling for a joint status report. The Order required counsel to submit said report by March 15, 2004. Due to the untimely receipt of the Order, counsel requested an extension of time, which the Court granted. Counsel faxed a copy of the Motion to the Court, as well as to Attorney Echter. On the cover sheet accompanying the Motion for Extension of Time the undersigned asked Attorney Echter for his thoughts on the Order calling for a joint report. The undersigned also left a voice mail regarding a collaboration for the report.

To complicate matters, the plaintiff had previously moved to Texas. Although there was contact for several months thereafter, at some point, plaintiff failed to apprise counsel of his whereabouts. Legal mail sent to his last known address was returned. Moreover, Attorney Echter had not responded to the motion nor my request

about the joint status report.

As a result of the complications as outlined above, instead of attempting to proceed any further with the status report, the undersigned began the process of withdrawing as counsel of record. However, approximately April of 2004, plaintiff contacted the undersigned and stated that he had recently returned to Connecticut. Counsel immediately contacted Attorney Echter and advised him of plaintiff's return. This was done for several reasons. First, during a period when the plaintiff appeared pro se, Attorney Echter expressed interest in taking plaintiff's deposition. After the undersigned filed her appearance, Attorney Echter reiterated his request to take Mr. Reed's deposition however before it could be scheduled, plaintiff moved to Texas. Knowing Attorney Echter's desire to depose plaintiff, the undersigned focused her attention on the deposition.

There have been numerous attempts to accommodate Attorney Echter's scheduling of plaintiff's depositions. Counsel provided a number of dates to plaintiff and authorized plaintiff to contact Attorney Echter directly to assist with scheduling a mutual date. On June 9, 2004 the undersigned and plaintiff had a three way conference call. A tentative date of June 12 was selected for the deposition with Attorney Echter providing final confirmation of said date. The deposition was then rescheduled for June 25, 2004. However to date, no deposition has taken place.

In addition, there are still outstanding discovery requests that need responses. Plaintiff served Interrogatories on defendants on February 10 and 28, 2003. Attorney

Echter requested numerous extensions in order to respond, however, to date the interrogatories and production requests served on defendants remain unanswered.

The undersigned can certainly appreciate a spirit of cooperation between counsel especially when it comes to scheduling difficulties and heavy trial schedules. Moreover, the plaintiff, Mr. Reed has been extremely patient. As a solo practitioner with no support staff for assistance, counsel has tried to pursue the matter as expeditiously as possible. For example, counsel spoke with a representative of the court regarding an in-court review or status conference. However, a telephone conference was suggested instead and the undersigned provided several dates to the Court's representative to facilitate the scheduling of said conference. Counsel also discussed the matter with Attorney Echter along with the scheduling of the June 25, 2004 deposition. Because of a conflict in Attorney Echter's trial schedule, the deposition could not take place and he advised the undersigned that he would provide an explanation to the Court.

As demonstrated, counsel has consistently tried to pursue this matter in a diligent and cooperative manner. When the June 25, 2004 deposition was cancelled, plaintiff and his counsel agreed between themselves to respond to the status report. Due to pending nuptials, the undersigned was unavailable between June 28-July 12, but intended to submit the report upon return; shortly after July 12, 2004. Before said report could be completed, counsel received the Court's Notice dated July 7, 2004.

Based on the foregoing reasons counsel respectfully requests this Court accept this Notice of Explanation regarding the failure to submit a status report. The undersigned asks that if deemed proper, a conference be scheduled to facilitate a possible resolution of this matter.

                        THE PLAINTIFF,
                        CHRISTOPHER REED

By; _____
     Trudy Condio, his attorney
     P.O. Box 175
     Manchester, CT 06045
     Tel; 860-646-1502
     Fax; 860-432-3713
     Fed Jurist No. ct24972

## **CERTIFICATION**

I certify that a copy of the foregoing was mailed on July 19, 2004 to the following parties:

Attorney Martin S. Echter
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510

Christopher Reed
192 Farren Avenue 2nd Floor
New Haven, CT 06513

_____
Trudy Condio, Attorney at Law