UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **CHRISTOPHER REED,** | : | **PRISONER** |
| **Plaintiff** | | **NO. 3:02CV469 (SRU) (WIG)** |
| **VS.** | : | |
| **CITY OF NEW HAVEN, ET AL.** | : | **JULY 29, 2004** |
| **Defendant** | | |

## DEFENDANTS' STATUS REPORT

The undersigned this status report to provide more detail in connection with the "Notice of Explanation for Failing to Submit Status Report" recently filed by plaintiff's new counsel of record and my own perspective.

**Nature of the case.** Plaintiff Christopher Reed, a previously convicted of a number of misdemeanors, was observed by a member of a team of New Haven Police Officers while riding his bicycle in a high crime area and engaging in activity consistent with the street sale of illegal substances. The Officers were specially trained and specially assigned for the very purpose of interdicting street sales of illegal substances. One of the Officers was "staked out" in a confidential location from which he could observe the suspect area and he communicated with the other nearby officers who conducted the actual stop.

Mr. Reed was found to possess a bag filled with smaller bags which in turn contained marijuana. The larger bag was tucked into the rear of his pants just below his waste line.

Records in my possession indicate that Mr. Reed apparently pled to a substituted charge of Sale of Hallucinogenic Drugs/Narcotics, C.G.S. 21a-277(a). (Those records also indicate he apparently entered a plea of guilty to another subsequent instance of the same violation.)

This initially <u>pro se</u> lawsuit alleged an unreasonable search and seizure and use of excessive force, and conspiracy.

Mr. Reed has also advised me that he subsequently amended his complaint to also allege "racial profiling."

**<u>Prior contacts between plaintiff and the undersigned; later contacts between plaintiff's recently appearing attorney and the undersigned; my initial attempts to depose the plaintiff and to locate and depose "plaintiff's potential witnesses."</u>**  Prior to his obtaining the services of Attorney Trudy Condio, Mr. Reed and I spoke on the phone several times and then he visited with me at which time he provided me with the names (and in some instances addresses and/or phone numbers) of a number of persons he claimed were eyewitnesses, hereinafter referred to as "plaintiff's potential witnesses." I initially attempted to contact such persons by telephone. Only one such person returned my telephone call, and that person advised me that he knew nothing about the incident and did not want to be involved.

I also left a message for another of plaintiff's potential witnesses in her absence, I believe with another woman who identified herself as the potential witnesses' sister. I never received a return call from that potential witness.

-2-

I found that the addresses I had for certain other of plaintiff's potential witnesses were not current but I did locate the address of the mother of two of plaintiff's potential witnesses, prepared a letter, and personally taped it to her apartment door when I found no one home. To this day I have not received any response to that letter. (Interestingly, the Certificate of Service on Attorney Condio's July 19, 2004 "Notice of Explanation for Failing to Submit Status Report" has a new address for Mr. Reed, the same address, 192 Farren Avenue, 2d Floor, where I delivered that letter to the mother of those two plaintiff's potential witnesses.)

**Attempts of Attorney Condio and the undersigned to schedule depositions.**
At some point Attorney Condio introduced herself and we spoke, and later she formally entered her Appearance.

I had great difficulty locating Mr. Reed and eventually learned through Attorney Condio that he had moved to Texas. I also informed Attorney Condio of my unsucessful efforts with respect to plaintiff's potential witnesses or obtaining

Eventually (I believe in the Summer or early Fall of 2003) Attorney Condio advised me that Mr. Reed expected to visit in this area sometime late in 2003 or early 2004 and we tentatively agreed to a target week for me to take depositions.

My best recollection at this point is that the plaintiff did not initially return to Connecticut during the period we had anticipated and shortly thereafter I became engaged in, inter alia, several very lengthy trials:

(A) several weeks of trial and jury selection in John Doe v. Antonio Lasaga,

-3-

et al., Superior Court, Judicial District of New Haven, at New Haven, Docket No. CV 99-0430858 S (alleging defendant Lasaga, a Yale University professor, had molested "John Doe" after Professor Lasaga had become a part time mentor for "John Doe" when the latter was in grade school in New Haven, the New Haven Board of Education being the other defendant and my client), and

(B) a total of fourteen (14) days of jury selection over the course of more than three weeks and then nearly five (5) weeks of trial in Andrus, et al. v. Grasso, et al., Superior Court, Judicial District of New Haven, at New Haven, Docket No. CV 96-0392407 S (a case brought by two brothers who had been shot while apparently unarmed and very seriously wounded by a New Haven Police Officer, alleging both unreasonable use of deadly force by the officer and various types of alleged "deliberate indifference" by the New Haven Police Department to constitutional rights).  We had initially anticipated a total of no more than three weeks for both jury selection and trial in the Andrus case.

Near the end of that trial Attorney Condio and I planned the plaintiff's deposition (and the depositions of any of plaintiff's potential witnesses he could locate and bring), I believe for a weekend.  I recall speaking to your scheduling clerk approximately the week before those planned depositions and advising of the anticipated deposition(s) and of my involvement in the unusually long and complex Andrus trial.  However, when the Andrus still continued I had to postpone the day scheduled for depositions.  Andrus was a very complicated case, and there were always three or four attorneys representing the plaintiffs. I was the only attorney for

-4-

the defense and, in additional to actual time at trial, I had to prepare witnesses and a prepare a variety of memoranda regarding evidentiary and other disputes that kept arising during that trial in which the Trial Judge was not familiar with most of the federal law which governed the case even though it was in State Court.

I recall suggesting to Attorney Condio that we reschedule the deposition(s) in this case for the next weekend but she advised me she was about to get married and go on her honeymoon and would speak with me about rescheduling when sometime after she returned and it was clear my <u>Andrus</u> trial was completed.

The <u>Andrus</u> trial finally ended Thursday, July 1, 2004.

**<u>My recent telephone conversation with the plaintiff and my several attempts to contact Attorney Condio.</u>**  I had not heard further from Attorney Condio when I received a telephone call from Mr. Reed about the middle of July in which he complained about the lack of completion of the depositions and explained that he would shortly have to return to Texas.  I told Mr. Reed about my most recent conversation with Attorney Condio and he indicated he was not aware she had just gotten married.  I encouraged him to contact Attorney Condio and I called and left both a voicemail on Attorney Condio's office telephone and another message with a man (I assume her new husband) at the home phone she had given to me.  I did not receive a return phone call.

When I then received Attorney Condio's "Explanation" in the mail I telephoned her again.  Her office voicemail was full, but I again also called her home phone and this time left a message with someone with a somewhat younger sounding voice

(perhaps a teenager). Again, I have not received a return phone call.

Long ago I provided Attorney Condio with the numbers to my office phone (which has a voicemail), my home phone (which has an answering machine) and my pager (which I wear most evenings and weekends as well as during work days). I also left one or more of those same numbers with each of the recent phone messages I had communicated to her.

I am aware that Attorney Condio is newly admitted to the federal court system and that she is apparently a sole practitioner, living in Manchester, and apparently quite busy, so I have assumed and still assume she will call me when she can schedule the depositions.

**Prior requirement for joint status report.** In her Notice of Explanation Attorney Condio references a March 2004 Order for a joint status report.

I candidly cannot now recall such an Order, but it is entirely possible that I overlooked in the course of the above-referenced trials.

I do apologize to the Court and I am searching to locate that document.

**Availability.** The Andrus trial resulted in one verdict in favor of my clients (the individual defendant police officer and the City of New Haven) but a "hung jury" as to the claims of the other of the two plaintiffs. We are to meet tomorrow, July 30, 2004, with the Trial Judge in that case, the Hon. Clarance J. Jones, I assume to discuss a date for the retrial. Hopefully that will not be until after August because there are many witnesses on both sides, including three experts for the plaintiffs, and I cannot imagine that at least some have already scheduled vacations for August.

Nevertheless, I have no other trials scheduled for this Summer and could even do depositions in this lawsuit even if the <u>Andrus</u> case were to be retried in August, given my preparation and recent handling of the first trial. I can also make myself available most weekends, assuming of course that I can obtain a reporter for a weekend day.

Should the Court wish I can be available for an in-person or telephonic status conference almost any day.

Respectfully submitted,

Martin S. Echter
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
Phone: (203) 946-7964
Fax: (203) 946-7942
Pager: 1-860-590-4432
Fed. Bar No. ct07596

Certificate of Service

I, Martin S. Echter, hereby certify that I have served the foregoing by causing copies to be MAILED, POSTAGE PREPAID, respectively to Attorney Trudy Condio, P. O. Box 175, Manchester, CT 06045, <u>and</u> Christopher L. Reed, Pro Se, 192 Farren Avenue, 2d Floor, New Haven, CT 06513, this 29th day of July, 2004.

Martin S. Echter