## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CHRISTOPHER REED,
       Plaintiff                              NO. 3:02CV469 (SRU)

VS.

CITY OF NEW HAVEN, ET AL                    OCTOBER 26, 2004

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
## H. SHARP, J. SILVA, L. RIVERA AND L. CAVALIER
## TO PLAINTIFF'S AMENDED COMPLAINT

**Preliminary Statement:** To that portion of the preliminary statement that sets forth a legal conclusion, no response is required. To that portion of the preliminary statement that sets forth-factual allegations, they are denied.

**Jurisdiction:**

    1.    Paragraph 1 states only a legal conclusion to which no response is required.

    2.    Paragraph 2 states only a legal conclusion to which no response is required.

**Parties:**

    1.    As to paragraph 1, these defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

    2.    As paragraph 2 is not directed to these defendants, these defendants do not respond to it.

3. As paragraph 3 is not directed to these defendants, these defendants do not respond to it.

4. As paragraph 4 is not directed to these defendants, these defendants do not respond to it.

5. As paragraph 5 is not directed to these defendants, these defendants do not respond to it.

6. As paragraph 6 is not directed to these defendants, these defendants do not respond to it.

7. As to paragraph 7, it is admitted only to the extent that defendant H. Sharp is a sworn officer in the New Haven Department of Police Services and is subject to such powers, responsibilities and obligations as are set forth in the Constitution and laws of the State of Connecticut and Charter of the City of New Haven. In all other respects said paragraph is denied.

8. As to paragraph 8, it is admitted only to the extent that defendant J. Silva is a sworn officer in the New Haven Department of Police Services and is subject to such powers, responsibilities and obligations as are set forth in the Constitution and laws of the State of Connecticut and Charter of the City of New Haven. In all other respects said paragraph is denied.

9. As to paragraph 9, it is admitted only to the extent that defendant L. Cavalier is a sworn officer in the New Haven Department of Police Services and is subject to such powers, responsibilities and obligations as are set forth in the

Constitution and laws of the State of Connecticut and Charter of the City of New Haven. In all other respects said paragraph is denied.

10. As to paragraph 10, it is admitted only to the extent that defendant L. Rivera is a sworn officer in the New Haven Department of Police Services and is subject to such powers, responsibilities and obligations as are set forth in the Constitution and laws of the State of Connecticut and Charter of the City of New Haven. In all other respects said paragraph is denied.

10a. As paragraph 10(a) is not directed to these defendants, these defendants do not respond to it.

10b. As paragraph 10(b) is not directed to these defendants, these defendants do not respond to it.

**Facts:**

11. As to paragraph 11, these defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

12. As to that portion of paragraph 12 that alleges that the plaintiff was a resident of the Fair Haven Section of New Haven, these defendants, do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof. As to the remaining allegations contained in said paragraph, they are admitted only to the extent that the Fair Haven Section of New Haven has Hispanic and African-American citizens, and that incomes for at least a portion of the Fair Haven

residents would be in the law to moderate range. In all other respects this paragraph is denied.

13. As to paragraph 13, these defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

14. As to paragraph 14, these defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

15. As to paragraph 15, these defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

16. As to paragraph 16, these defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

17. Paragraph 17 is admitted only to the extent that on April 11, 2000, at approximately 4:11 p.m., the plaintiff was observed riding a bicycle on Poplar Street, travelling up and down that street from Woolsey Street to Grand Avenue.

18. Paragraph 18 is admitted only to the extent that after one of the defendants observed the plaintiff engaged in a transaction concerning illegal drugs he alerted three of the other individual defendants who approached in a grey unmarked police vehicle, against the direction of traffic on Poplar Street which is a one-way street, and stopped the plaintiff. In all other respects this paragraph is denied.

**Unreasonable Search and Seizure – Misuse of Force:**

19. Paragraph 19 is admitted only to the extent that the officers in the grey unmarked police vehicle exited the vehicle and approached the plaintiff. In all other respects this paragraph is denied.

20. Paragraph 20 is admitted only to the extent that the plaintiff was stopped on his bicycle when he was located by the three officers in the unmarked police vehicle at the intersection of Grand Avenue and Poplar Street. In all other respects this paragraph is denied.

21. Paragraph 21 is admitted only to the extent that one of the officers put his hand on plaintiff's arm, and directed the plaintiff to the Poplar Street side of a building containing a karate studio. In all other respects this paragraph is denied.

22. Paragraph 22 is denied in that plaintiff knew that he was being stopped for his participation in an illegal drug transaction.

23. As to paragraph 23, these defendants do not recall another vehicle other than the ones occupied by them.

24. Paragraph 24 is admitted only to the extent that one of the three officers present conducted a put down search of the plaintiff.

25. Paragraph 25 is denied in that while no weapon was found during the pat down, illegal contraband was seized from the rear waist area of plaintiff's clothing.

26. Paragraph 26 is admitted only to the extent that the plaintiff was handcuffed. In all other respects this paragraph is denied.

27. Paragraph 27 is denied in that the plaintiff knew that he was being detained and arrested for an illegal drug transaction and possession of illegal drugs.

28. Paragraph 28 is admitted only to the extent that the plaintiff, after he was handcuffed, was placed in the rear seat of a police vehicle. In all other respects this paragraph is denied.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.

32(#2). The second paragraph numbered 32 is admitted only to the extent that in the course of taking the plaintiff into custody, one of the officers present removed various items from the plaintiff's clothing, some or all of the items were eventually transferred to the Property Room of the New Haven Department of Police Service, One Union Avenue, New Haven.

32(#3). As to the third paragraph numbered 32, these defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied.

36. Paragraph 36 is denied.

37. Paragraph 37 is denied.

38. Paragraph 38 is denied.

39. Paragraph 39 is denied.

40. Paragraph 40 is denied.

41. Paragraph 41 is denied.

42. Paragraph 42 is denied.

43. Paragraph 43 is denied.

44. Paragraph 44 is denied.

45. Paragraph 45 is denied.

46. Paragraph 46 is denied.

47. Paragraph 47 is denied.

48. So much of paragraph 48 that alleges that the plaintiff was then placed back in the rear seat of the unmarked police vehicle is denied, as he had never left the rear seat after he had been initially placed therein. So much of said paragraph as alleges that the plaintiff was transported to One Union Avenue is admitted.

49. Paragraph 49 is admitted only to the extent that custody of the plaintiff would have been relinquished to New Haven County Sheriffs at One Union Avenue, New Haven, Connecticut. As to the remaining portion of said paragraph, these defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

50. As to paragraph 50, these defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

**Discrimination – Racial Profiling:**

51. Paragraph 51 is denied.

52. Paragraph 52 is denied.

53. Paragraph 53 is denied.

54. Paragraph 54 is denied.

55. Paragraph 55 is denied.

56. Paragraph 56 is denied.

57. Paragraph 57 is denied.

58. Paragraph 58 is denied.

59. Paragraph 59 is denied.

60. Paragraph 60 is denied.

61. Paragraph 61 is denied.

**Constitutional Policies, Regulations, Customs, Ordinances and/or Usages:**

62. Paragraph 62 is denied.

62(#2). The second paragraph numbered 62 is denied.

63. Paragraph 63 is denied.

**Conspiracy:**

64. Paragraph 64 is denied.

65. Paragraph 65 is denied.

66. Paragraph 66 is denied.

67. Paragraph 67 is denied.

68. Paragraph 68 is denied.

69. So much of paragraph 69 as alleges either explicitly or implicitly that the plaintiff suffered any of the conditions alleged in this paragraph as a result of the events of April 11, 2000, is denied, and as to the remaining allegations contained in said paragraph, these defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

70. So much of paragraph 70 as alleges that the plaintiff underwent and was subjected to malicious and sadistic mannered frisk search, strip search, digital body cavity search and discrimination is denied. As to the remaining allegations contained in said paragraph, these defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

71. As to that portion of paragraph 71 that alleges that the plaintiff was diagnosed with anxiety disorder and post traumatic stress disorder, these defendants do not have sufficient knowledge or information upon which to form a belief and therefore leave the plaintiff to his proof. As to the remaining allegations contained in said complaint, they are denied.

**Claims of Relief:**

72. Paragraph 72 is denied.

73. Paragraph 73 is denied.

74. Paragraph 74 is denied.

75. Paragraph 75 is denied.

76. Paragraph 76 is denied.

77. Paragraph 77 is denied.

78. Paragraph 78 is denied.

### FIRST AFFIRMATIVE DEFENSE

1. At all relevant times, these defendants were government employees whose actions were discretionary, and additionally, one or both of the following would apply.

   (a) these defendants' actions did not violate any of the plaintiff's clearly established rights under the Constitutions and laws of the United States;

   (b) it was objectively reasonable for these defendants to believe that their actions were lawful.

2. These defendants are entitled to qualified immunity from suit for the actions alleged.

### SECOND AFFIRMATIVE DEFENSE

As to plaintiff's state law claims, this Court lacks jurisdiction over the claims alleged by the plaintiff under the laws of the State of Connecticut, or in the alternative, should decline to exercise jurisdiction over said claims.

## THIRD AFFIRMATIVE DEFENSE

As to plaintiff's state law claims, these defendants assert their common law and statutory immunities from liability for the actions alleged to have violated the Constitution and laws of the State of Connecticut.

## FOURTH AFFIRMATIVE DEFENSE

That plaintiff's discrimination-racial profiling claim and conspiracy claim are barred by the applicable statute of limitations in that defendants were not made aware of such claims until after the expiration of the applicable statute of limitations.

>THE DEFENDANTS,
>H. SHARP, J. SILVA, L. RIVERA and
>L. CAVALIER
>
>BY:_____
>Michael A. Wolak, III
>Assistant Corporation Counsel
>City of New Haven
>Office of the Corporation Counsel
>165 Church Street, 4th Floor
>New Haven, CT 06510
>Tel. #: (203) 946-7970 or 7958
>Fax #: (203) 946-7942
>E-mail: Mwolak@newhavenct.net
>Federal Bar No. ct12681
>Their Attorney

## **CERTIFICATION**

      THIS IS TO CERTIFY that a copy of the foregoing was mailed, postage prepaid, on October 26, 2004, to the following counsel of record:

Trudy Condio, Esq.
843 Main Street
P.O. Box 175
Manchester, CT 06045-0175

Ellen Mary Burns
P.O. Box 317
Manchester, CT  06045-0317

                                              _____
                                              Michael A. Wolak, III