UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTOPHER REED | : | NO. 3:02cv469 (SRU) |
| VS. | : | |
| CITY OF NEW HAVEN, ET AL | : | JANUARY 31, 2005 |

### REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and Local Civil Rule 38, undersigned counsel for the parties conferred, via telephone, or on or about January 20, 2005 and January 25, 2005. The participants were **Trudy Condio** for the plaintiff; and for the defendants, **Michael A. Wolak, III**.

**I.   CERTIFICATION**

Undersigned counsel certify that, after consultation with the clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with the clients, have developed the following proposed case management plan. Counsel further certifies that they have forwarded a copy of this report to their clients.

**II.   JURISDICTION**

　　A.   SUBJECT MATTER JURISDICTION:

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

    B.    PERSONAL JURISDICTION:

Personal jurisdiction is not contested.

## III. BRIEF DESCRIPTION OF CASE

    A.    CLAIMS OF PLAINTIFF:

During all times mentioned in this action, the plaintiff was an adult citizen of the United States residing in New Haven, Connecticut. During all times mentioned in this action, the defendant police officers were officers in the New Haven Department of Police Service, defendant Melvin H. Wearing was the Chief of said police department, defendant John DeStefano was the Mayor of the City of New haven and defendant City of New Haven is a municipality in the State of Connecticut. The individual defendants are sued in their individual and official capacities. During all times mentioned in this Complaint, the individual defendants were acting under color of law, that is, under color of the constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the State of Connecticut and the City of New Haven.

At approximately 4:11 p.m. on April 11, 2000, on Poplar Street in the City of New Haven, the plaintiff was riding a chrome colored bicycle. At said time and place, the plaintiff's left arm was forcefully grabbed by one of the defendant officers and he was snatched violently off the bicycle. Plaintiff was then directed by force to the wall of a building on Poplar Street and subjected to a "frisk search." Subsequently, the plaintiff underwent a humiliating strip search and body cavity search, which was conducted with

the use of physical force. The plaintiff suffered extreme emotional distress as a result of this incident.

In the manner described above, the defendant police officers inflicted unreasonable force upon the plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution and subjected him to an unreasonable and unwarranted strip search in violation of the Fourth and Fourteenth Amendments to the United States Constitution, unconstitutional discrimination (racial profiling); and conspiracy. Plaintiff is also asserting a Monell claim.

The conduct of the defendants was extreme and outrageous and was carried out with the knowledge that it probably would cause the plaintiff to suffer extreme emotional distress an in fact, as a result of such conduct, the plaintiff did suffer severe emotional distress.

    B.    DEFENSES AND CLAIMS:

The defendants have denied the material allegations contained in the plaintiff's complaint, and, where appropriate, the individual defendants have pled the affirmative defense of qualified immunity.

**IV.    STATEMENT OF UNDISPUTED FACTS**

Counsel certifies that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. At all times set forth in plaintiff's complaint, the individual defendant police officers were acting under color of law.

2. That the plaintiff, on the date set forth in his complaint was stopped by New Haven police officers on Poplar Street.

## V. CASE MANAGEMENT PLAN

A. STANDING ORDER ON SCHEDULING IN CIVIL CASES:

The parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

B. SCHEDULING CONFERENCE WITH THE COURT:

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C. EARLY SETTLEMENT CONFERENCE:

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. The parties prefer a settlement conference with a United States Magistrate Judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

E.      JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS:

Not applicable at this time.

F.      DISCOVERY

1.      The parties anticipate that discovery will be needed on the following subjects: all of the plaintiff's claims, all of the affirmative allegations of the defense, prior history of the parties, damages.

2.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(94), will be commenced immediately, and completed by July 1, 2005.

3.      Discovery will not be conducted in phases.

4.      The parties anticipate that the plaintiff may require depositions of fact witnesses and the defendant may require the completion of plaintiff's deposition and depositions of certain other fact witnesses. The depositions will commence immediately, and be completed by July 1, 2005.

5.      The parties may request permission to serve more than twenty-five interrogatories.

6.      Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by April 1, 2005, a date not later than three months before the deadline for completing all discovery. Depositions of any such experts will be completed by July 1, 2005.

7.      Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by June 1, 2005,

a date not later than one month before the deadline for completing all discovery. Depositions of such experts will be completed by July 2005.

8. A damage analysis will be provided by any party who has a claim or counterclaim for damages by August 1, 2005.

G. DISPOSITIVE MOTIONS:

Dispositive motions will be filed on or before September 1, 2005.

H. JOINT TRIAL MEMORANDUM:

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by October 1, 2005, or thirty days after this court rules on any summary judgment motion filed by the defendants, whichever is later.

IV. TRIAL READINESS

The case will be ready for trial by December 1, 2005, or thirty days after the joint trial memorandum is filed, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFF,


BY:/s/_____
        Trudy Condio
        Federal Bar No. ct24972
        843 Main Street
        P.O. Box 175
        Manchester, CT  06045
        Tel. #: (860) 646-1502
        Fax #: (860) 432-3713
        His Attorney

        Date:_____


THE DEFENDANTS,


BY:/s/_____
        Michael A. Wolak, III
        Federal Bar No. ct12681
        Assistant Corporation Counsel
        City of New Haven
        Office of the Corporation Counsel
        165 Church Street, 4th Floor
        New Haven, CT 06510
        Tel. #: (203) 946-7970 or 7958
        Fax #: (203) 946-7942
        E-mail: Mwolak@newhavenct.net
        Their Attorney

        Date:_____